## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NADER ABOU HAMZE,
      *Plaintiff*,

      v.                                            No. 3:22-cv-360 (JAM)

STATE OF NEW JERSEY *et al.*,
      *Defendants*.

### ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Nader Abou Hamze has filed a *pro se* civil rights complaint against the State of New Jersey, the State of Pennsylvania, the Immigration Department, Penn Med, Capital Health, and the United States of America. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for relief, the Court shall require Hamze to file an amended complaint or a response by **June 24, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

Hamze lists an address in New Jersey and claims that the United States of America has violated his "Constitutional rights," his "Political rights to the law," and his "human and civil and marital and parental rights."[1] Hamze describes himself as a "victim of love and hate and war."[2] Although the complaint is quite discursive, it returns frequently to the subject of Hamze's family. Hamze alludes to losing custody of his children and wanting to see and know them.[3] He alleges that his wife and her mother obtained a restraining order against him, and that he has had various unwanted encounters with the police and child welfare authorities in New Jersey and

---

[1] Doc. #1 at 3.
[2] Doc. #1-1 at 1.
[3] *Id.* at 2, 8, 56, 58-59.

1

Pennsylvania.[4]

Hamze has suffered "mental after mental breakdown."[5] He says that "antipsychotics kept me forgetful sometimes and people keep trying to push me back on them," but "[t]hey are debilitating."[6] Hamze attributes his personal and familial struggles to ethnic profiling and to a conspiracy between authorities in the United States, Israel, Lebanon, Bank of America, and Chase Bank.[7] He says that "Connecticut has something to do with it."[8] He seeks a "new resident," as well as "Sanctions, Fines and Suite, incarcerations, executions of the State, the guilt of the police and the gangs they collude with."[9]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give his complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling

---

[4] *Id*. at 4, 36.
[5] *Id*. at 28.
[6] *Id*. at 2, 56.
[7] *Id*. at 5, 8-10, 19, 40, 42, 59.
[8] *Id*. at 40.
[9] Doc. #1 at 5 (spelling corrected).

is to state the Court's concerns so that Hamze may promptly respond or file an amended complaint that addresses these concerns.

Hamze's complaint does not allege a plain and simple statement of his claims and does not include facts that show that each of the named defendants should be liable for the wrongs that he alleges. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And it must back up the claim with "sufficient factual matter" to make it plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Hamze has not done that. Most of his allegations are fragmentary and impressionistic references to autobiographical events, interspersed in stream-of-consciousness fashion throughout the complaint's 59 pages. For all this, Hamze does not describe in plain and simple terms how any state actor violated his constitutional rights.

Moreover, while the complaint claims that Connecticut had "something to do with" Hamze's troubles, the only factual allegation linked to the District of Connecticut is Hamze's suspicion that Connecticut made him a suspect in the untimely death of his son.[10] But the State of Connecticut is not named as a defendant in the complaint, and in any event Hamze has not alleged that Connecticut took any actions that violated his federal civil rights. Federal venue law states in relevant part that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). If Hamze chooses to file an amended complaint that does

---

[10] Doc. #1-1 at 26, 40.

not allege any conduct occurring in Connecticut, he should consider whether to file the complaint in a court in New Jersey or Pennsylvania rather than in this Court.

CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Hamze has grounds to file an amended complaint or to show why the complaint should not be dismissed, he may file a response to this order to show cause by **June 24, 2022**.

It is so ordered.

Dated at New Haven this 8th day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge